IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER COLLINS**                                                                                         **PLAINTIFF**

V.                                              **CASE NO. 5:24-CV-5122**

**CITY OF LOWELL, ARKANSAS**                                                                                    **DEFENDANT**

**OPINION AND ORDER**

On May 1, 2025, this Court entered an Opinion and Order granting in part and denying in part Defendant City of Lowell, Arkansas' Motion for Summary Judgment.  *See* Doc. 30.  Specifically, the Court dismissed with prejudice Counts 1 and 2 of Plaintiff Christopher Collins's Complaint (alleging violations of his right to free speech under the Arkansas Constitution), but preserved for trial Mr. Collins's claim for an alleged violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). One of the critical findings the Court made in support of that ruling was that a jury could reasonably infer from the evidence in the record that, at the time Chief of Police Tim Kuth fired Mr. Collins, Chief Kuth was aware that Mr. Collins would be receiving treatment for a recurrence of cancer within the next couple of months.  *See* Doc. 30, p. 11.

Four days after the Court entered that Order, the City filed a Motion for Reconsideration (Doc. 31), along with a Brief in Support (Doc. 32).  In its Brief, the City pointed out—as it also did in support of its original Motion for Summary Judgment—that "Chief Kuth testified [in his deposition] that at the time he terminated Mr. Collins, he was not aware that Mr. Collins had communicated to Human Resources his potential need to take leave under the FMLA."  *See* Doc. 32, p. 2.  The Court already acknowledged this in

1

its previous Order, but noted further that "there is a material dispute of fact on this point" because "Mr. Collins's supervisor testified in his deposition that he is 'sure' that he told Chief Kuth that Mr. Collins was planning to take medical leave, though he could not recall the date and time when he did so."  *See* Doc. 30, p. 11.  The City effectively argues in its latest Motion that the Court should have credited Chief Kuth's testimony on this point while discounting the testimony of Mr. Collins's supervisor, or at least interpreting the latter in the light most favorable to the City.  But that is not how the legal standard on summary judgment works.  Rather, as the Court observed in its previous Order, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . .  The evidence of the non-movant is to believed, and all justifiable inferences are to be drawn in his favor."  (Doc. 30, p. 2) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

An order which adjudicates "fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  However, although "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks omitted).  Here, the Court correctly applied the legal standard governing motions for summary judgment by declining to make credibility determinations and viewing the conflicting deposition testimony in the light most favorable to Mr. Collins.  It certainly did not commit any clear error that would work a manifest injustice.

**IT IS THEREFORE ORDERED** that Defendant City of Lowell, Arkansas' Motion for Reconsideration (Doc. 31) is **DENIED**.

**IT IS SO ORDERED** on this 18th day of June, 2025.

                                                /s/ Timothy L. Brooks
                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE