IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER COLLINS**                                                                                          **PLAINTIFF**

**V.**                                              **CASE NO. 5:24-CV-5122**

**CITY OF LOWELL, ARKANSAS**                                                                               **DEFENDANT**

**OPINION AND ORDER**

This matter is set for trial on August 25, 2025. Presently before the Court are Motions in Limine filed by each party (Docs. 36, 41), and their respective Responses in opposition (Docs. 43, 44). As explained below, each Motion will be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff's Motion (Doc. 36) requests two types of relief. First, he asks that Defendant, its witnesses, and its attorneys "be prohibited from making any reference during the trial of this action to the claims Plaintiff brought under the Arkansas Constitution for violation of his rights of free speech and freedom of association or to the Opinion and Order of this Court that dismissed such claims." *Id.* at ¶ 1. He argues that such evidence's relevance, if any, would be substantially outweighed by the risk of unfair prejudice and confusing the issues, and therefore should be excluded under Rule 403 of the Federal Rules of Evidence. Defendant opposes this request on two grounds. First, Defendant argues that "[e]xcluding this evidence would unfairly prejudice the City, as it would severely limit its ability to present its legitimate, nondiscriminatory reason for terminating Plaintiff." *See* Doc. 43, p. 2. Second, Defendant argues that Plaintiff has "shift[ed] his position" from a claim that he was fired for exercising his Constitutional rights to a claim

1

that he was fired in retaliation for needing medical leave, and that Defendant "should be allowed to use this evidence for impeachment." *See id.*

The Court will permit Defendant to introduce evidence about the *facts underlying* Plaintiff's Constitutional claims—for example, that he was advocating for increased officer pay and that this issue became a point of workplace controversy—to whatever extent such facts are relevant to Defendant's theory of the case. However, the Court will *not* permit Defendant to introduce evidence regarding how Plaintiff styled his claims in his pleadings, nor will the Court permit any reference to the fact that it previously dismissed some of Plaintiff's claims on summary judgment. It is perfectly ordinary and permissible under both the Federal and Arkansas Rules of Civil Procedure for plaintiffs to plead claims in the alternative. *See* Fed. R. Civ. P. 8(d)(2)–(3); Ark. R. Civ. P. 8(e)(2), 18(a). The fact that this Plaintiff availed himself of that right is not relevant to the issues that will be tried, nor to Plaintiff's credibility as a witness.

Second, Plaintiff asks that Defendant, its witnesses, and its attorneys "be prohibited from making any reference during the trial of this action to unemployment compensation Plaintiff received following the termination of his employment by Defendant" because unemployment compensation "is considered a 'collateral source' and, as such, is ordinarily not offset against a back pay award." *See* Doc. 36, ¶ 2 (citing *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002); *Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104, 1112 (8th Cir. 1994)). Defendant has not expressed any opposition to this request, and the Court agrees with Plaintiff on this point. The fact that Plaintiff received unemployment compensation following his termination is irrelevant to the reasons for his termination; and under *Moysis* and *Gaworski* it is also irrelevant to the

2

calculation of his damages. Therefore, the Court will not permit any references to be made to unemployment compensation that Plaintiff received following his termination.

Turning now to Defendant's Motion (Doc. 41): Defendant also requests exclusion of two related types of evidence. First, Defendant asks that Plaintiff be prohibited from "introduc[ing] evidence as to Defendant's possible financial coverage under the Arkansas Municipal League's Municipal Legal Defense Program," *id.* at ¶ 1, because that Program "is a risk management pool" that "should enjoy the same protection that an insurance company does from being named as a responsible party within the hearing of a jury," *see* Doc. 42, p. 1 (citing *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir 1986) for the proposition that evidence of insurance or other indemnity is generally inadmissible). Plaintiff has responded that he does not intend to introduce any such evidence. The Court will exclude evidence of Defendant's possible coverage under the Program because any relevance it might have is substantially outweighed by the risk that "it will result in an unduly generous award of damages by the jury." *Griffin*, 804 F.2d at 1057.

Second, Defendant asks that Plaintiff be prohibited from introducing evidence to the jury of, and inquiring during *voir dire* about, its trial counsel's employment by the Arkansas Municipal League's Municipal Legal Defense Program. *See* Doc. 41, ¶ 2. Plaintiff responds that he does not intend to introduce any such *evidence* at trial, but that defense counsel "should not be excused from the necessary and customary introduction of herself and her firm to the prospective jurors during voir dire." *See* Doc. 44, p. 1. Defense counsel's employment by the Program has no relevance to the claims and defenses in this case, so the Court will exclude any evidence of that fact from trial. The Court likewise will not permit any reference to the Program's function as a risk

3

management pool during *voir dire*, but the Court will adhere to its normal practice of identifying all trial counsel and the members of their "firms" to prospective jurors and inquiring of the panel about those facts' potential to bias them for or against either party.

**IT IS THEREFORE ORDERED** that Plaintiff Christopher Collins's Motion in Limine (Doc. 36) and Defendant City of Lowell, Arkansas' Motion in Limine (Doc. 41) are each **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** on this 5th day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE